UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE STEPHEN, | No. C 14-4927 SI (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| K. CHAPPELL, warden, | |
| Respondent. | |

## INTRODUCTION

Jimmie Stephen, a prisoner incarcerated at San Quentin State Prison, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a disciplinary decision. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## BACKGROUND

On April 9, 2014, a CDC-115 rule violation report was issued charging petitioner with "inciting a riot" or "delaying an officer." Docket # 1 at 5; Docket # 2-2 at 2. A disciplinary hearing was held on May 15, 2014; petitioner was found guilty of the offense and was disciplined. The discipline imposed included a loss of 61 days of time credits. Petitioner alleges that he filed an unsuccessful petition for writ of habeas corpus in the California Supreme Court to challenge the disciplinary decision. He then filed this action.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition for writ of habeas corpus is rather garbled, but appears to allege that (a) the evidence was insufficient to support the disciplinary decision and (b) two of petitioner's four requested witnesses were denied. *See* Docket # 1 at 6. Liberally construed, these claims are cognizable claims for a violation of his rights under the Due Process Clause of the U.S. Constitution. *See Superintendent v. Hill*, 472 U.S. 445, 454 (1984) (disciplinary decision must be supported by some evidence); *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974) (inmate should be allowed to call witnesses when relevant to his defense and "when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals").

Petitioner filed a "motion to strike" three disciplinary write-ups. The motion to strike is DENIED. Docket # 2. The only disciplinary decision at issue in this habeas action is the disciplinary decision for the April 9, 2014 incident. Arguments about other disciplinary decisions are not relevant to this habeas action. Arguments about the disciplinary decision for the April 9, 2014 incident are relevant, but are premature because respondent has not yet had an opportunity to respond to the petition. The court will not consider any relief with regard to the disciplinary decision for the April 9, 2014 incident until respondent has an opportunity to respond to the petition. Petitioner may make his arguments about the disciplinary decision for the April 9, 2014 incident in his traverse, but should wait to see what respondent argues in his answer before he prepares his traverse, because he is only allowed to file one traverse.

2

**CONCLUSION**

For the foregoing reasons,

1. The petition's federal due process claims that there was not sufficient evidence to support the decision on the April 9, 2014 CDC-115 and he was denied witnesses for the hearing on that CDC-115 warrant a response. All other claims are dismissed.

2. The clerk shall serve a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **February 6, 2015**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the disciplinary hearing record that are relevant to a determination of the issues presented by the petition. **If respondent wants to argue that the claim is not exhausted or is procedurally barred, he must in the same filing address the merits of the claims.**

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **March 6, 2015**.

5. Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Petitioner's motion to strike the disciplinary decisions is DENIED. (Docket # 2.)

7. Petitioner's *in forma pauperis* application is GRANTED. (Docket # 3, # 5.)

IT IS SO ORDERED.

DATED: December 12, 2014

_____
SUSAN ILLSTON
United States District Judge