United States District Court
For the Northern District of California

1

2

3

4

5

6                           UNITED STATES DISTRICT COURT

7                          NORTHERN DISTRICT OF CALIFORNIA

8

9    JIMMIE STEPHEN,                              No. C 14-4927 SI (pr)

10               Petitioner,                      **ORDER DENYING MOTION FOR
                                                  RECONSIDERATION**

11          v.

12   K. CHAPPELL, warden,

13               Respondent.
                                            /
14

15          In this action for writ of habeas corpus, Jimmie Stephen challenged a prison disciplinary

16   decision that resulted in a 60-day loss of time credits.  The court dismissed the action on June

17   18, 2015 for lack of habeas jurisdiction.  This court determined that the 60-day loss of time

18   credits imposed in the prison disciplinary decision would not necessarily affect the duration of

19   Stephen's confinement because he was an indeterminately sentenced prisoner not yet found

20   suitable for parole and for whom a base term has not yet been set. *See* Docket # 15 at 2-3

21   (discussing and applying *Nettles v. Grounds*, Ninth Cir. No. 12-16935, slip op. at 18 (9th Cir.

22   May 28, 2015) ("relief is available to a prisoner under the federal habeas statute only if success

23   on the claim would 'necessarily spell speedier release' from custody, which *Skinner[v. Switzer*,

24   562 U.S. 521, 533-34 (2011)] suggested would include termination of custody, acceleration of

25   the future date of release from custody, or reduction of the level of custody.")).  This matter is

26   now before the court for consideration of Stephen's motion for reconsideration of the dismissal

27   order.

28

A motion for reconsideration under Federal Rule of Civil Procedure 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc).

In his motion for reconsideration, Stephen urges that his maximum release date has been set at September 9, 2016. *See* Docket 18. He attaches to his motion a "calculation worksheet for indeterminate PC section 2931" inmates dated May 14, 2003. *See id.* at 8. The worksheet lists September 9, 2016 as his "maximum eligible parole date." *Id.* It thus appears that Stephen is arguing that *Nettles* does not require dismissal of his habeas petition because he is someone for whom success on his claim would necessarily spell speedier release from custody, i.e., he would be released on September 9, 2016 but for the disciplinary decision that resulted in the loss of time credits.

Stephen fails to convince the court that he has a set release date. First, the form he attached to his motion does not define the term "maximum eligible parole date," so that form alone cannot prove that he would be released from prison on September 9, 2016 but for the disciplinary decision (and resulting time credit loss) challenged in this action. Second, Stephen is an inmate with an indeterminate life sentence, so it is unclear how a specific term could have been set in the worksheet written on May 14, 2003. In his petition for writ of habeas corpus in *Stephen v. Swarthout*, C. D. Cal. Case No. 2:11-cv-7685-R-SH, Stephen stated that he was convicted in 1991 of second degree murder and was found to have suffered prior convictions, for which he received a sentence of "15 to life & 20 years." Docket # 1 at 2 in *Stephen v. Swarthout*. Stephen also attached to that 2011 habeas petition a transcript from his BPH parole suitability hearing on November 2, 2010, at which he was found unsuitable for parole and his next parole hearing was set to occur five years thereafter. Docket # 1-1 at 75 in *Stephen v. Swarthout*. Third, as noted in the order of dismissal, Stephen's petition to advance the next parole hearing date was denied.

Stephen has not been found suitable for parole and a term has not been set for him. *Nettles* requires dismissal of his habeas petition. Stephen has not shown newly discovered

1  evidence, clear error, or an intervening change in the law with regard to the order of dismissal.

2  Therefore, his Rule 59(e) motion for reconsideration is DENIED.  (Docket # 18.)

3        A certificate of appealability will not issue.  *See* 28 U.S.C. § 2253(c).  This is not a case

4  in which "jurists of reason would find it debatable whether the petition states a valid claim of

5  the denial of a constitutional right and that jurists of reason would find it debatable whether the

6  district court was correct in its procedural [rulings]" in the Order Of Dismissal or in this order.

7  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   The denial of the certificate of appealability is

8  without prejudice to petitioner seeking a certificate from the United States Court of Appeals for

9  the Ninth Circuit.

10        IT IS SO ORDERED.

11  DATED: July 16, 2015

_____
SUSAN ILLSTON
United States District Judge

3